# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SOLAREDGE TECHNOLOGIES INC., ET AL.,**<br><br>Plaintiffs**,**<br><br>vs.<br><br>**ENPHASE ENERGY, INC.,**<br><br>Defendant**.** | CASE NO.  17-cv-04047-YGR<br><br>**ORDER DENYING PLAINTIFFS' MOTION TEMPORARY RESTRAINING ORDER; SETTING EXPEDITED SCHEDULE FOR PRELIMINARY INJUNCTION**<br><br>Re: Dkt. No. 8 |

Plaintiffs SolarEdge Technologies Inc. and SolarEdge Technologies Ltd. have filed their ex parte motion for a temporary restraining order (Dkt. No. 10), seeking to enjoin defendant Enphase Energy, Inc. from continued use of a certain advertisement, which purports to compare the technologies produced by each company.  Plaintiffs aver that they have served notice on defense counsel via email and intend to send physical copies of the same as soon as is practicable. (Dkt. No. 8-2 at 3–4.)  The Court understands that counsel Charles P. Guarino has accepted service on behalf of defendant in this action.

Requests for temporary restraining orders are governed by the same general standards that govern the issuance of a preliminary injunction.  *See New Motor Vehicle Bd. v. Orrin W. Fox Co.,* 434 U.S. 1345, 1347 n.2 (1977); *Stuhlbarg lnt'l Sales Co., Inc. v. John D. Brush & Co., Inc.,* 240 F.3d 832, 839 n. 7 (9th Cir. 2001).  Preliminary injunctive relief, whether in the form of a temporary restraining order or a preliminary injunction, is an "extraordinary and drastic remedy," that is never awarded as of right.  *Munaf v. Geren*, 553 U.S. 674, 689-690 (2008) (internal citations omitted).  In order to obtain such relief, a plaintiff must establish four factors: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest.  *Winter v. Natural Resources Defense Council. Inc.,* 555 U.S. 7, 20 (2008).

Here, with respect to the request for a temporary restraining order in advance of a hearing for a preliminary injunction, plaintiffs have wholly failed to establish a likelihood of immediate irreparable harm to justify the issuance of a temporary restraining order at this time.  In addition to the issues regarding the alleged improper use of marketing materials between competitors, plaintiffs' central concern revolves around the possibility of defendant airing the allegedly improper video at a Solar Power International conference scheduled for September 10–13, 2017.  Given the Court's ability to hold an expedited hearing, plaintiffs' showing with respect to immediate harm fails.  *See Carribean Marine Servs. Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) ("A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief.").  As such, the Court need not address the remaining factors at this time.  *See Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1172 (9th Cir. 2009) (holding that a plaintiff must demonstrate a likelihood of irreparable harm in the absence of preliminary relief in every case).  According, and for the foregoing reasons, the Court **DENIES** plaintiffs' motion for a temporary restraining order.

In light of plaintiffs' representations, however, the Court **FINDS** that an expedited schedule for a preliminary injunction is appropriate.  The Court hereby **SETS** the following briefing and hearing schedule on the same:  Defendant must file its opposition to a preliminary injunction no later than **Wednesday, July 26, 2017**.  Plaintiffs' reply to defendant's opposition shall be due on **Monday, July 31, 2017**.  The hearing on plaintiffs' motion for a preliminary injunction shall be held on **Friday, August 4, 2017** at **10:00 a.m.** in the Federal Building, 1301 Clay Street, Oakland, California, Courtroom 1.

Plaintiffs shall serve this Order on defendant by email **immediately**.  Plaintiffs must also serve defendant by overnight mail no later than **July 20, 2017**.  Proof of such service shall be filed no later than **July 21, 2017**.

**IT IS SO ORDERED.**

Dated: July 19, 2017

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**