United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **SOLAREDGE TECHNOLOGIES INC., ET AL.,**<br>  Plaintiffs,<br>v.<br>**ENPHASE ENERGY, INC.,**<br>  Defendant**.** | Case No. 4:17-cv-04047-YGR<br><br>**PRETRIAL ORDER NO. 1 RE: TRIAL DATE AND DEADLINES FOR PRETRIAL FILINGS** |

**TO ALL PARTIES AND COUNSEL OF RECORD:**

1. The court is in receipt of the parties' filings at Dkt. Nos. 80 and 83 and orders as follows:

2. Given the parties' compressed schedule, the Court **GRANTS** without conference defendant's request to file a motion for summary judgment. Parties are reminded of the requirement to file separate statements of fact in the format set forth in paragraph 9(c) of this Court's Standing Order in Civil Cases, including the requirement that counsel attest that the evidence cited for each fact or dispute fairly and accurately supports the fact or dispute. Further, the standard for sealing with respect to dispositive motions is governed by the "compelling reasons" standard. *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). A "party seeking to seal judicial records must show that 'compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure.'" *Id*. (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006)). A trial court must weigh relevant factors including the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Id*. at 679 n.6 (quoting *Hagestad v. Tragesser,* 49 F.3d 1430, 1434 (9th Cir. 1995)). The parties shall confer about the

evidence which will be submitted with the motion and was designated "confidential" but does not rise to this standard so that needless sealing motions can be avoided. Failure to do so in good faith shall result in appropriate sanctions.

3. By **November 7, 2017**, plaintiffs shall file on the docket a Notice of Withdrawal of its claim for punitive damages.

4. The parties' respective summary judgment letters suggest that they disagree on the legal standards to be used for trial. Accordingly, by **5:00 p.m. on November 6, 2017**, the parties shall file with the Court proposed jury instructions specific to the sole cause of action alleged, namely False Advertising under the Lanham Act § 43(a), 15 U.S.C. § 1125(a), for both liability and damages, and any defense at issue. The Court is generally inclined to use the standard Ninth Circuit instructions. Any instruction proffered which does not substantially conform to those instructions may be accompanied by argument not to exceed two pages per instruction. If the Court can resolve any purely legal issue without argument, it will so advise the parties in writing.

5. To the extent that trial evidence will be proffered that concerns solely plaintiffs' request for injunctive relief, that portion of the trial will be bifurcated and not presented to a jury. Parties shall plan accordingly.

6. **Trial Date and Schedule:** The trial of this matter shall proceed in Courtroom 1 of the Federal Courthouse, 1301 Clay Street, Oakland, California. Jury selection and opening statements shall occur on **Friday, December 15, 2017 at 9:30 a.m.** Evidence shall proceed on **Monday, December 18, 2017.** Evidence for all trial days shall begin at 8:30 a.m. Counsel shall arrive in court early enough to proceed promptly with the Court at 8:00 a.m. The Court will set its trial **hours** once it receives the parties' pretrial filings.[1]

7. Sidebars are not permitted. Counsel should be prepared to anticipate issues so that they may be addressed outside of normal trial hours. In this regard, counsel should also be prepared to reconvene with the Court after the Court's standing calendars.

---

[1] The Court hereby corrects its typographical error contained in its Scheduling and Trial Order (Dkt. No. 46). Namely, the hearing on any dispositive and *Daubert* motions shall be set for **Friday**, December 1, 2017 at 9:00 a.m.

8.  The Court confirms the next pretrial conference is set for **Friday, December 1, 2017 at 9:00 a.m.** Accordingly, compliance with this Court's Standing Order re: Pretrial Instructions in Civil Cases ("Standing Order") is required unless modified herein. As previously ordered, **by November 17, 2017**, the parties shall file a joint pretrial conference statement. (*See* Standing Order ¶ 2.)

9.  For purposes of trial preparation, parties are advised:

    a.  Prospective jurors will complete a standard form of questionnaire, the template of which is attached to the Standing Order. Given the timing and anticipated length of this trial (*see* Dkt. No. 36), voir dire will be limited to fifteen (15) minutes per side. Accordingly, the Court encourages the parties to submit additional questions for the questionnaire. The Court will seat a total of seven (7) jurors and no alternates. The Court sets the number of peremptory challenges at three (3). 28 U.S.C. § 1870. *Batson* motions must be made in a timely fashion. Arguments on the same shall be made outside the presence of the jury panel.

    b.  The Court hereby orders that: (a) witnesses shall be excluded until testimony is completed; (b) there shall be no reference to or evidence presented of settlement discussions, mediation, or insurance; and (c) there shall be no reference to or evidence presented of wealth or lack thereof of any party except in the punitive damage phase of a case, to the extent it exists.

10. As this trial will involve video evidence, the parties should familiarize themselves with the Court's protocols at http://cand.uscourts.gov/jurypc.

\ \

\ \

\ \

\ \

\ \

11. Failure to comply with the obligations set forth in this order will result in sanctions appropriate to the gravity of the failure, including, but not limited to monetary fines and/or evidentiary sanctions.

**IT IS SO ORDERED.**

Dated: November 1, 2017

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**